Shauck, J.
Whether a tax may be assessed upon these lands or any interest therein must be determined by a construction of the appropriate subdivision of section 2732, Revised Statutes, which relates to exemptions from taxation, and of section 2733, which relates to the taxation of lands belonging to the state or to a municipal corporation, and leased for a term exceeding fourteen years.
The exemption from taxation provided for in the eighth subdivision of section 2732, is of “all market houses, public squares, or other public grounds, town or township houses, or halls used exclusively for public purposes, and all works, machinery and fixtures belonging to any town, and used exclusively for conveying water to such town.
Section 2733 provides that “All lands held under lease for any term exceeding fourteen years, and not subject to revaluation belonging to the state or any municipal corporation, or to any religious, scientific or benevolent society, or institution, whether incorporated or unincorporated, or *270 to trustees for free education only, and school and ministerial lands, shall be considered for all purposes of taxation as the property of the person or persons holding the same, and shall be assessed in their name.”
Counsel for the plaintiff in error, construing these provisions literally, insist that although the lands were acquired for a public purpose by the city of Cincinnati, they are not now used exclusively for a public purpose, and that they are not therefore exempt under the eighth subdivision of section 2732, and are therefore subject to taxation as the property of the city; and, further, that the lands are taxable under the express provisions of section 2733, since they are held under lease for a term exceeding fourteen years, and not subject to revaluation. And, to sustain this view, the definition of the term “land” in section 2730 is invoked.
This conclusion, it. is insisted, is the necessary result of the statutory provisions referred to, although cases are conceivable in which the amount of the tax upon the fee would prevent the leasing of lands held in the ownerships mentioned in section 2733, so that the owners, would derive no income from the lands and the public no tax.
In opposition to this view, it is urged that' the lands in question, though occupied by shippers of coal, are “used exclusively for public purposes” since the rents derived therefrom are so used, and that there should not be imputed to the legislature an intention to provide for the sale of the fee belonging to the city to discharge any obligation which the statute imposes on its lessee.
The tax does not seem to be imposed upon the fee of these lands by provisions so clear as to relieve us of the duty of considering these provis *271 ions together and ascertaining the purpose of the legislature as indicated by all the related provisions.
It is not disputable that if the lands had not been leased, they would be exempt under the terms of the eighth subdivision of section 2732. It does not seem necessary to consider what would have been the effect of the leases, if the taxability of the lands were to be determined by section 2731, which provides for the taxation of. all property whether real or personal, and the exemption referred to. For, since their taxability results from the fact that they are held under leases from the city for terms exceeding fourteen years, and not subject to revaluation, the case is to be determined by the particular provisions of section 2733, by which the general assembly has defined the extent of the tax. There should be no inference except such as may aid in ascertaining the meaning of this section.
■ The term ‘‘lands,” when not restricted in meaning by related provisions, includes all interests therein. There are, however, considerations which indicate that the term is used in a restricted sense in section 2733. By the terms of the section, it does not apply to lands held under leases for terms shorter than fourteen years, nor to those held for longer terms, if by the stipulations of the lease the lands are, as between the lessor and lessee, subject to revaluation. These conditions to the application of the section can have no meaning if the object of the legislature was to impose a tax upon the fee. The value of the fee could not be at all affected by the duration of the lease, nor by stipulations for revaluation. These conditions are, however, important in providing for the taxation *272 of the lessee’s interest in such lands. They indicate that in the opinion of the legislature in leases for a shorter term, the rent reserved would be the substantial equivalent of the rental value, and that in the cases of leases for a longer term, but stipulating for revaluation, the rent reserved and the rental value would be made substantially equal by such revaluation. The result in either case would be, that the lessee’s interest would not be of substantial value.
By the terms of section 2733, leased lands belonging to a municipal corporation and. those belonging to the state, are subject to the same rule.
The third subdivision of section 2732 very clearly exempts “all property, whether real or personal, belonging exclusively to the state.” It cannot be supposed that, notwithstanding this exemption, the legislature contemplated a tax'upon the fee, to be assessed against the lessee, and enforced against the property of the state or the municipality. We are of the opinion that the purpose of section 2733 is to impose a tax upon the lessee’s interest in lands, in the cases specified, and not a tax upon the fee.

Judgments affirmed.